UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| VLADIMIR KRUGLYAK,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>RYAN DANIEL BAER,<br><br>Defendant-Appellee. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:25-CV-00094-DCLC-CRW |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Appellant Vladimir Kruglyak's appeal from the final judgement of the Bankruptcy Court in the above captioned case [Doc. 1]. Appellant filed his brief on July 17, 2025 [Doc. 3]. Appellant's brief included a notice of service indicating that Mr. Baer's attorney, Charles Moffatt, IV, was served with the brief on July 12, 2025 [*Id.* at 10]. Service by mail is complete upon mailing. Fed. R. Bankr. P. 8011(c)(3). In response to Appellant's Brief, Appellee must serve and file a brief thirty days after the Appellant's Brief is served. Fed. R. Bankr. P. 8018(a)(1)–(2). Appellee's brief was therefore due on or about August 14, 2025. Appellee was advised that if he failed to file a brief by September 8, 2026, he would not be heard at oral argument and the Court would resolve the appeal on the record and Appellant's brief [Doc. 5]. The Court extended Appellee's deadline well beyond the period allowed by Rule 8018(a)(2). Appellee's counsel nonetheless failed to file a brief. Instead, on September 8, 2026, Appellee's counsel attempted to file a notice of withdrawal [Doc. 6]. That notice was denied, as Appellee's counsel did not properly file a motion to withdraw from representing Appellee [Doc. 7].[1] Because Appellee

---

[1] Attorney Charles Moffatt has since filed a motion to withdraw [Doc. 8] indicating that his contract did not include representation in contested matters. Moffatt asserts, however, that he did represent Baer in the adversary proceeding nonetheless and has incurred over $14,000 in attorney's

failed to file a brief by the September 8, 2026, deadline, the Court has reviewed the record and the applicable standards without input from Appellee. For the reasons set forth herein, the Court **AFFIRMS** the rulings of the Bankruptcy Court.

## LEGAL STANDARD

A district court has jurisdiction to hear an appeal from a final judgment, order, or decree of a bankruptcy court, 28 U.S.C. § 158(a). The Federal Rules of Bankruptcy Procedure govern the procedure on such an appeal, Fed. R. Bankr. P. 8001(a). The bankruptcy court makes initial findings of fact and conclusions of law. *In re Rembert*, 141 F.3d 277, 280 (6th Cir. 1998). The district court then reviews the bankruptcy court's findings of fact for clear error and reviews the bankruptcy court's conclusions of law de novo. *In re Baker & Getty Fin. Servs., Inc.*, 974 F.2d 712, 716-17 (6th Cir. 1992) (citing Bankr. Rule 8013). "A factual finding will only be clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ayen*, 997 F.2d 1150, 1152 (6th Cir. 1993) (citations and quotation omitted). Discretionary rulings of the bankruptcy court are reviewed for abuse of discretion. An abuse of discretion occurs where the court relies upon clearly erroneous findings of fact, improperly applies the governing law, or uses an erroneous legal standard. *Elec. Workers Pension Trust Fund of Local Union #58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's

---

fees that Baer has not paid. L.R. 83.4(g) addresses the manner an attorney may withdraw from further representation of a client. That rule provides that unless the motion is signed by the client, the attorney must "provide a copy of the motion to the client at least 14 days *prior* to the date the motion is filed." (emphasis added). Because Moffatt did not comply with the local rule, his motion [Doc. 8] is DENIED. Notwithstanding the lack of response filed by Baer, the Court finds the record sufficient to address Kruglyak's appeal.

decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *Barlow v. M.J. Waterman & Assocs., Inc.* (*In re M.J. Waterman & Assocs., Inc.*), 227 F.3d 604, 608 (6th Cir. 2000).

The Court has examined Appellant's brief and the record and has determined that oral argument is unnecessary. The facts and legal arguments are adequately presented in the record. Fed. R. Bankr. P. 8019(b)(3).

**Analysis**

Mr. Kruglyak argues that revocation of the discharge was mandated under 11 U.S.C. § 727(d)(1). However, the Bankruptcy Court addressed this claim and dismissed it, [Bankr. Doc. 32], noting that pursuant to Fed. R. Bankr. P. 7001(4), and 28 U.S.C. § 1930 (misc. fee schedule ¶6), revocation of a discharge is an adversary proceeding that must be commenced by the filing of a properly captioned complaint and payment of a $350 filing fee. Mr. Kruglyak did not pay the filing fee, which precludes his arguments here. That conclusion, which this Court reviews de novo, was not in error. Mr. Kruglyak did not commence such a proceeding, and whether to excuse that defect, or instead to deny relief sought by improper motion, was committed to the Bankruptcy Court's sound discretion. A reasonable person could agree with its decision, and there was accordingly no abuse of discretion. *In re M.J. Waterman & Assocs., Inc.*, 227 F.3d 604, 608 (6th Cir. 2000).

Mr. Kruglyak next argues that sanctions are warranted pursuant to Fed. R. Bankr. P. 9011. However, Rule 9011(c)(1)(A) requires that a sanctions motion be served on the offending attorney at least twenty-one days before it is filed with the court. The Sixth Circuit enforces this safe harbor requirement strictly, and sanctions are generally unavailable where the movant failed to comply with it. *Ridder v. City of Springfield*, 109 F.3d 288, 296-97 (6th Cir. 1997). The record contains

no safe harbor service, ending the Rule 9011 inquiry regardless of the merits. Because the decision to issue sanctions is discretionary, and a reasonable person could agree with the Bankruptcy Court's decision not to issue sanctions on its own initiative after Mr. Kruglyak failed to comply with the safe-harbor requirement, this Court finds no abuse of discretion.

Next, Mr. Kruglyak claims the Bankruptcy Court violated his due process rights by dismissing the adversary proceeding for nonappearance on March 27, 2025. He asserts that his nonappearance is excused by his lack of ECF access, by his out-of-state employment, and by the Court's alleged failure to ensure notice after defense counsel rescheduled the hearing due to weather. No explanation presented withstands scrutiny, and the authority Mr. Kruglyak invokes does not support him. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) holds that notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 314. That standard was satisfied here. Mailing notice to a pro se litigant at his address of record is reasonably calculated to apprise him of the proceedings, and due process demands nothing more; it does not guarantee or require actual receipt. *Dusenbery v. United States*, 534 U.S. 161, 170 (2002). Mr. Kruglyak does not contend that the Bankruptcy Court used an incorrect address, and no mail was returned to the court as undeliverable. He attributes his nonappearance instead to an unsubstantiated mail delay, which is not a defect in the method of notice. Even assuming a defect, the relief Mr. Kruglyak now seeks was available to him at the Bankruptcy Court. A dismissal for nonappearance is ordinarily correctable by a motion for relief from judgment pursuant to Fed. R. Bankr. P. 9024. The record indicates that he filed no such motion. Due process affords a litigant the opportunity to be heard, but it does not excuse a litigant who declines to use the avenues available to him. *See In re Elam*, No. 23-25274, 2024 WL 3387034, at *5 (Bankr. W.D. Tenn.

June 13, 2024). The decision to dismiss this claim was a discretionary ruling by the Bankruptcy Court. Because a reasonable person could agree that dismissal was proper based on the foregoing, this Court finds no abuse of discretion.

Mr. Kruglyak asserts that the Appellee abused the bankruptcy system. He alleges that Appellee concealed assets, made false oaths, and used Chapter 7 to defeat a single judgment creditor. Those allegations were the subject of his complaint, which the Bankruptcy Court dismissed for nonappearance on March 27, 2025. The Bankruptcy Court made no findings on them. This Court sits as an appellate court under 28 U.S.C. § 158(a). It reviews the Bankruptcy Court's findings of fact for clear error and its conclusions of law de novo; it does not find facts. Whether a debtor made a false oath is a question of fact, *Keeney v. Smith* (*In re Keeney*), 227 F.3d 679, 685 (6th Cir. 2000), as is whether a transfer was made with intent to hinder, delay, or defraud under § 727(a)(2). Where the Bankruptcy Court made no such findings, there is nothing for this Court to review. Accordingly, this Court cannot find that Appellee abused the bankruptcy system based on the purported facts, despite Mr. Kruglyak's assertion that Appellee concealed assets, made false oaths, and used Chapter 7 to defeat a single judgment creditor.

Mr. Kruglyak also invokes 11 U.S.C. § 707 and *In re Krohn*, 886 F.2d 123 (6th Cir. 1989), contending that the totality of the circumstances demonstrates abuse. The Court need not reach the argument. Because Mr. Kruglyak failed to properly file his complaint, the Bankruptcy Court entered no ruling under § 707, and this Court does not decide such questions in the first instance.

Finally, Mr. Kruglyak contends that the Bankruptcy Court erred in refusing to consider his motion to convert under 11 U.S.C. § 706. The motion sought conversion to Chapter 13. Section 706(c) provides that a court "may not convert a case under this chapter to a case under chapter 12 or 13 of this title unless the *debtor* requests or consents to such conversion." (emphasis added).

The record shows that the debtor, Mr. Baer, neither requested nor consented. Section 706(a), moreover, confers the right to convert on the debtor, not on creditors, and § 706(b) permits a party in interest to seek conversion only to Chapter 11. The relief Appellant requested was therefore unavailable as a matter of law, and the Bankruptcy Court could not have granted it. Any error in the stated ground for denial was harmless. Fed. R. Bankr. P. 9005. A separate judgment shall enter. There being no more matters to resolve, the Clerk is respectfully **DIRECTED** to close the file.

## CONCLUSION

For the reasons stated above, the Court **AFFIRMS** the Bankruptcy Court's rulings in full.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge