UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| VLADIMIR KRUGLYAK,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>RYAN DANIEL BAER,<br><br>Defendant-Appellee. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:25-CV-00094-DCLC-CRW |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Appellant Vladimir R. Kruglyak's Motion for Rehearing and to Alter or Amend Judgment Under Fed. R. Bankr. P. 8022 [Doc. 12]. Kruglyak asks the Court to reconsider its Memorandum Opinion and Order [Doc. 9] and Judgment [Doc. 10] affirming the Bankruptcy Court. He argues that the Court misapprehended the record when it stated that he filed no motion for relief under Fed. R. Bankr. P. 9024. He further argues that the Court overlooked that he paid the filing fee for an adversary proceeding, and he renews his arguments about notice, the Debtor's amended schedules, excusable neglect, and the Debtor's conduct. It appears that the Court in its prior order did misstate one fact, but that misstatement did not affect the outcome, and Kruglyak's remaining arguments do not identify anything the Court overlooked or misapplied. The motion is **DENIED**.

## I. LEGAL STANDARD

A motion for rehearing "must state with particularity each point of law or fact that the movant believes the district court . . . has overlooked or misapprehended and must argue in support of the motion." Fed. R. Bankr. P. 8022(a)(2). Its purpose is "not to allow the movant to reargue [the] case." *In re Soundview Elite Ltd.*, Bankruptcy No. 13-13098 (REG), No. 14-CV-7666 (JPO), 2015 WL 1642986, at *1 (S.D.N.Y. Apr. 13, 2015)(citation and quotation marks omitted). Instead,

"the sole purpose of rehearing is to direct the court's attention to a material matter of law or fact which it has overlooked in deciding the case, and which, had it been given consideration, would probably have brought about a different result." *Id*. (citation and quotation marks omitted).

## II. ANALYSIS

On May 16, 2025, Kruglyak filed a motion under Federal Rules of Bankruptcy Procedure 9023 and 9024 and Federal Rule of Civil Procedure 60(b)(1) seeking reconsideration of the Bankruptcy Court's March 27, 2025, order dismissing the adversary proceeding. In that motion he asserted excusable neglect and lack of notice [Adv. Doc. 86]. The Bankruptcy Court denied the motion [Adv. Docs. 89, 90]. The Court's statement that "[t]he record indicates that he filed no such motion" [Doc. 9 at 4] was therefore mistaken. But that error did not affect the outcome.

The Court rejected Kruglyak's due process claim because mailing notice to a pro se litigant at his address of record is reasonably calculated to apprise him of the proceedings, and due process requires nothing more. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Dusenbery v. United States*, 534 U.S. 161, 170 (2002). Kruglyak did not contend that the Bankruptcy Court used the wrong address, and no mail was returned as undeliverable. Instead, Kruglyak attributed his nonappearance to an unsubstantiated mail delay, which is not a defect in the method of notice. The *Mullane* holding resolves the due process claim on its own, and the statement that Kruglyak had not filed a motion for relief under Fed. R. Bankr. P. 9024 does not affect that conclusion. The Court discussed the availability of Rule 9024 relief only as an alternative ground for denial.

The Memorandum Opinion and Order began its Rule 9024 discussion with the phrase "[e]ven assuming a defect" in notice [Doc. 9 at pg. 4]. Kruglyak's current motion does not challenge the Court's primary holding. Instead, it repeats the explanations for his nonappearance

that the Court already found insufficient. Because the mistaken statement about the Rule 9024 motion was not necessary to the decision, correcting it would not change the outcome of the appeal, and it does not warrant rehearing.

And even if the Bankruptcy Court's denial of relief under Rule 9024 were before the Court, review of that order would not lead to a different result. In a comprehensive and well-reasoned opinion applying *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993), the Bankruptcy Court found that Kruglyak participated in the scheduling conference at which the trial date was set, that the scheduling order was mailed to him, that no party sought a continuance and the trial date never changed, and that Kruglyak, who has never been a registered user of the court's electronic filing system, could not have possibly experienced the "ECF malfunction" he blamed for his absence [Adv. Doc. 89 at 4, 8–9]. It further found that the length of the delay, the prejudice to the Debtor from vacating a final discharge, and Kruglyak's lack of good faith all weighed against relief [*Id.* at 10–12]. Those findings are not clearly erroneous, and the Bankruptcy Court applied the correct legal standard. Its denial of relief was not an abuse of discretion. *See Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012) (reviewing denial of Rule 60(b) relief for abuse of discretion); *In re M.J. Waterman & Assocs., Inc.*, 227 F.3d 604, 607-08 (6th Cir. 2000).

Nor did the Court overlook the filing fee Kruglyak paid in May 2024. That fee commenced Adversary Proceeding No. 2:24-ap-05012, which objected to the Debtor's discharge before it was entered. The Bankruptcy Court dismissed that proceeding on March 27, 2025, the same day the discharge was entered [Adv. Doc. 77; Bankr. Doc. 29]. The claim the Court addressed was Kruglyak's later request to revoke the discharge under 11 U.S.C. § 727(d)(1), which he made by

motion in the main bankruptcy case [Bankr. Docs. 31, 32]. The Bankruptcy Court denied that motion because "[r]evocation of discharge is an adversary proceeding commenced by the filing of a properly captioned complaint and payment of a $350 filing fee" [Bankr. Doc. 32 (citing Fed. R. Bankr. P. 7001(d); 28 U.S.C. § 1930)], and it rejected his renewed request on the same ground [Adv. Doc. 89 at 12]. The fee Kruglyak paid in May 2024 began a different proceeding. It could not satisfy the separate complaint-and-fee requirement for the revocation.

Kruglyak's remaining arguments fail to identify anything the Court overlooked or misapprehended. His contentions about notice, the Debtor's amended schedules filed two days before trial, the Bankruptcy Court's decision not to continue the trial on its own initiative, and the *Pioneer* factors either repeat arguments the Court has already considered or raise arguments not presented in his brief. His assertion that the Bankruptcy Court summarily denied his motion without analysis is contradicted by the record, which includes a thirteen-page memorandum opinion addressing that motion [Adv. Doc. 89]. Finally, the Debtor's failure to file a brief and his counsel's motion to withdraw have no bearing on whether the Court misapprehended the record in a manner that impacted the outcome. The Court resolved the appeal on the record and Kruglyak's brief. *See* Fed. R. Bankr. P. 8018(a)(4).

## CONCLUSION

For the reasons stated herein, Appellant Victor Kruglyak's Motion for Rehearing and to Alter or Amend Judgment [Doc. 12] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge